UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDELL NEWTON,<br>    Plaintiff,<br>    v.<br>SAN QUENTIN STATE PRISON ORGANIZATION,<br>    Defendant. | Case No.  14-cv-03129-JST (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, Cardell Newton, filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff was an inmate at San Quentin State Prison ("SQSP") during the events at issue in the complaint. He has since been released and is residing in Oakland, California. Plaintiff has been granted leave to proceed in forma pauperis in a separate order.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon

1  which it rests.' " Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although
2  in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
3  obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and
4  conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
5  Factual allegations must be enough to raise a right to relief above the speculative level."  Bell
6  Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint
7  must proffer "enough facts to state a claim for relief that is plausible on its face."  Id. at 1974.
8        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
9  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
10 the alleged violation was committed by a person acting under the color of state law.  See West v.
11 Atkins, 487 U.S. 42, 48 (1988).
12 B.    Legal Claims
13       Plaintiff alleges that, in December 2008, officials at SQSP delayed in sending his legal
14 mail, which caused him to miss a court filing deadline by four days.  Specifically, petitioner
15 asserts that he filed a petition for writ of habeas corpus in this court on July 9, 2008.  See Newton
16 v. California, C 08-3301 RS (PR).  On August 26, 2008, the court dismissed that action due to
17 plaintiff's failure to file a complete in forma pauperis ("IFP") application or pay the filing fee.
18 (See C 08-3301 at dkt. no. 6.)  A review of the docket in that action shows that, on September 5,
19 2008, plaintiff filed a letter explaining that his failure to file a complete IFP application was due to
20 the lack of response from the prison trust account office.  (See C 08-3301 at dkt. no. 8.)  The court
21 received the filing fee on December 16, 2008 and reopened the action on May 27, 2009.  (See C
22 08-3301 at dkt. nos. 9, 12.)
23       In the instant action, plaintiff alleges that he gave his filing fee to prison officials to mail to
24 the court on December 10, 2008.  Plaintiff alleges that prison officials must have delayed in
25 mailing the filing fee because it was not received by the court until December 16, 2008, which was
26 four days past plaintiff's filing deadline of December 12, 2008.[1]  Based on these allegations,

---

[1] The court notes that there was no December 12, 2008 IFP deadline in C 08-3301.  Rather, plaintiff appears to argue that he had until December 12, 2008 to perfect his federal habeas petition under the one-year statute of limitations applicable to such petitions.

plaintiff contends that defendant SQSP denied plaintiff meaningful access to the courts, in violation of the First Amendment.

Prison inmates have a constitutionally protected right to access the courts in order to bring challenges to their criminal convictions and to the conditions of their confinement. Lewis v. Casey, 518 U.S. 343, 354-55 (1996). Prison officials may not actively interfere with an inmate's ability to access the courts. Silva v. Di Vittorio, 658 F.3d 1090, 1102-03 (9th Cir. 2011). When a prisoner alleges such interference, he must demonstrate actual injury such as the inability to meet a filing deadline or to present a non-frivolous claim. Lewis, 518 U.S. at 348-49, 352-53 & n. 3; Nevada Dept. of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011); Silva, 658 F.3d at 1102-03. Actual injury is a jurisdictional requirement and may not be waived. Nevada Dept. Of Corr., 648 F.3d at 1018 (citing Lewis, 518 U.S. at 349).

Here, plaintiff alleges that SQSP officials denied plaintiff meaningful access to the courts by delaying in sending his legal mail, specifically his filing fee in a habeas action. However, plaintiff has failed to show that defendant's actions interfered with plaintiff's ability to petition the government. Indeed, a review of the docket in C 08-3301 RS (PR) shows that plaintiff's habeas action was not ultimately dismissed as result of missing a payment or IFP deadline. Rather, the petition was dismissed with leave to amend, and petitioner failed to file an amended petition, leading to dismissal without prejudice on April 12, 2010. (See C 08-3301 at dkt. no. 17.) Consequently, even accepting as true plaintiff's allegations that defendant delayed in sending his legal mail, because plaintiff has shown no resulting injury, the delay did not deprive him of meaningful access to the courts. See Nevada Dept. Of Corr., 648 F.3d at 1018.

Further, the claims are untimely insofar as they are based on events occurring more than four years ago. See Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999) (limitations period for filing § 1983 action in California governed by residual limitations period for personal injury actions in California, which was then one year and was codified in Cal. Civ. Proc. Code § 340(3)); Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period, which is now two years; enacted in 2002); Cal. Code Civ. P. § 352.1 (disability of imprisonment delays the accrual of the cause of action for a maximum of two years where plaintiff is under the sentence of a criminal

court for a term of less than for life).

Accordingly, the court finds as a matter of law that plaintiff has failed to state a claim upon which relief may be granted, and that this failure cannot be remedied by further amendment of the complaint.  Therefore, the complaint is DISMISSED with prejudice.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is DISMISSED WITH PREJUDICE. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  October 28, 2014

                                                                               _____
                                                                                           JON S. TIGAR
                                                                                  United States District Judge